### BILLINGSLEY v. ABBOTT et al.
### (No. 1264.)

(Court of Civil Appeals of Texas. Beaumont. June 19, 1925. Rehearing Denied July 1, 1925.)

1. **Appeal and error** &#9758;930(3)—**Issues must be held to have been found by court in appellee's favor, where issues were neither submitted nor requests made to submit them to jury.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, issues must be held to have been found by court in appellee's favor, where evidence is ample to support findings, and issues were neither submitted to jury, nor were requests for submissions made.

2. **Appeal and error** &#9758;1001(1) — **Assignment that evidence showed payment of note will be overruled, where jury found against contention.**

Assignment that evidence showed that note was paid before institution of action thereon will be overruled, where record was ample to support jury's finding that note was not paid.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Action by Mrs. Bessie Abbott and another against G. L. Billingsley. From a judgment for plaintiffs, defendant appeals. Affirmed.

Miller & Miller, of Athens, for appellant.
Justice, Justice, Davis & Sigler, of Athens, for appellees.

O'QUINN, J. Suit by appellees, filed May 17, 1923, against appellant to recover judgment on a vendor's lien note given in part payment for a certain tract of land and for foreclosure of a lien.

Appellees alleged that March 21, 1911, Mrs. Ella Gale sold a described tract of land to I. M. Walker, who as part of the consideration for the land executed the note in question (note No. 6) for $113, due and payable to the order of Mrs. Gale on December 1, 1915, which note retained a lien on the land conveyed to secure its payment; that November 14, 1914, Walker conveyed the land to W. B. Wofford, he (Wofford) assuming the payment of said note; that September 11, 1918, Wofford conveyed the land to Billingsley,

appellant, who assumed the payment of said note; that Mrs. Gale transferred the note to W. H. Stephens, and that on July 24, 1919, Billingsley, for a valuable consideration, executed an extension contract extending the time of payment of said note from December 1, 1915, to September 19, 1919; that June 3, 1922, Stephens transferred said note and lien to appellee, Bessie Abbott—and prayed for judgment for the amount of the note, interest, and attorney's fees, and for foreclosure of the lien.

Appellant answered by general demurrer, special exceptions, general denial, and specially that the note was barred by limitation, that the note had been paid, and that the extension contract was executed through mutual mistake of the parties, and, if not by mistake, then said extension contract was obtained by means of fraud on the part of Stephens, the then holder of the note.

The case was tried to a jury upon the one special issue, as to whether the note had been paid, to which the jury answered, "No." Upon this finding of the jury, judgment was rendered for appellee for the amount of the note, interest, and attorney's fees, and for foreclosure of the lien on the land described in appellees' petition, from which judgment this appeal is taken.

Appellant's first assignment of error complains that the court erred in rendering judgment against appellant, because appellant never assumed the payment of the note. The second assignment asserts that the court erred in rendering judgment against the appellant, because the evidence showed that he did not agree to extend the time of the payment of the note, and that, when he executed the contract extending the time of payment of said note, he and the holder of said note were acting under a mutual mistake as to the note that was to be extended. The third assignment complains that the court erred in rendering judgment against appellant, because the note was barred by limitation long before the filing of the suit.

[1] These assignments are overruled. The questions, whether appellant assumed the payment of the note, and whether appellant had renewed or extended the time for the payment of the note, and whether the note was barred by limitation, were not submitted to the jury. The record does not disclose that any request was made by appellant to have said issues submitted to the jury, and, the evidence being ample to support such findings, in the absence of their submission and of any request for their submission, they must be held to have been found by the court in favor of appellee and against appellant. Article 1985, Vernon's Sayles' Ann. Civil Statutes 1914.

[2] The fourth assignment complains that the court erred in rendering judgment against

appellant, because the evidence shows that the note had been paid in full before the institution of the suit. The assignment is overruled. The question of payment of the note was submitted to the jury, and they found against appellant's contention. The record is ample to support their finding.

No error being shown, the judgment is affirmed.